

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00020-CR

---

MARVIN FRANK HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F8796

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After having pled "guilty" to the offense of assault family violence with a previous conviction, Marvin Frank Hall was placed on deferred adjudication community supervision in August 2013, and on September 5, 2014, his community supervision was revoked. After Hall pled "true" to the allegations raised by the State in its motion to proceed to adjudication, the trial court, on September 5, 2014, adjudicated Hall's guilt and imposed a sentence of ten years' incarceration. Hall did not file a motion for new trial. Rather, Hall filed a motion to withdraw his guilty plea, which was denied by the trial court. Hall filed his notice of appeal December 29, 2014. The issue before us is whether Hall properly invoked this Court's jurisdiction by timely perfecting his appeal. Because we find that Hall's notice of appeal was not timely filed, we also conclude that we are without jurisdiction to hear the appeal.

A timely filed notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be filed to perfect an appeal in a criminal case. *See* TEX. R. APP. P. 26.2. A criminal defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522.

In this case, even if we were to treat Hall's motion to withdraw his guilty plea as a motion for new trial that extended Hall's deadline for filing a notice of appeal, then the deadline for filing that notice was December 4, 2014. *See* TEX. R. APP. P. 26.2(a)(2). The notice of appeal in this matter was not mailed until December 29, 2014, twenty-five days after the deadline, making it untimely.

By letter dated February 20, 2015, we notified Hall of this potential defect in our jurisdiction and afforded him an opportunity to respond. Hall has not filed a response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     April 30, 2015
Date Decided:     May 1, 2015

Do Not Publish